IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>    Plaintiff,<br><br>  v.<br><br>WILLIAM NICOLL; and EVA NICOLL,<br><br>    Defendants.<br>_____/ | No. C 12-1089 CW<br><br>ORDER VACATING CASE MANAGEMENT CONFERENCE AND REMANDING CASE TO STATE COURT |

On November 23, 2011, Plaintiff The Bank of New York Mellon initiated this unlawful detainer action in the Sonoma County Superior Court. On March 5, 2012, Defendants William and Eva Nicoll removed the case to this Court. Having reviewed the notice of removal and complaint, the Court REMANDS the action for lack of subject matter jurisdiction.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. Thus, a court may remand an action sua sponte if it concludes that it lacks subject matter jurisdiction. Booker v. Yates, 2009 U.S. Dist. LEXIS 5326, at *2 (E.D. Cal.).

The scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The

'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

## DISCUSSION

This removed case is a residential unlawful detainer action following a non-judicial foreclosure. It contains one cause of action for unlawful detainer, which arises exclusively under state law. In their notice of removal, Defendants argue that foreclosure was improper because Plaintiff allegedly failed to comply with the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. However, "[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)). A federal defense is not part of a plaintiff's properly plead statement of his or her claim. Id. (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). A case, therefore, may not be removed to federal court based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd., 463 U.S. at 14; see Rivet, 522 U.S. at 475. Because the only possible federal issue in this case involves a defense, federal question jurisdiction is lacking.

2

The complaint alleges that Plaintiff seeks damages in an amount not to exceed $10,000.  Because the amount in controversy is less than $75,000, diversity jurisdiction is lacking.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938) (the status of the case as disclosed by the plaintiff's complaint is controlling for purposes of removal).

Because there is no federal question or diversity jurisdiction, this Court lacks subject matter jurisdiction over this case and it must be remanded.

CONCLUSION

For the reasons set forth above, the Court REMANDS this action to state court.  The Clerk shall remand this action to Sonoma County Superior Court and close the file.

The case management conference currently set for June 20, 2012 is VACATED.

IT IS SO ORDERED.

Dated: 6/15/2012

CLAUDIA WILKEN
United States District Judge

3